IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN MAGEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:21-cv-01726-G-BT |
| | § | |
| BSN SPORTS, LLC, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Steven Magee filed this *pro se* lawsuit in federal court asserting a litany of claims related to the alleged misuse of trademarks he claims to own. *See generally* Compl. (ECF Nos. 3, 3-1, 3-2, 3-3, 3-4). Defendant BSN Sports, LLC, filed a Motion to Dismiss, or in the alternative, Motion for a More Definite Statement (ECF No. 39), Defendants Hooplife Basketball Academy, LLC, (HLBA) Todd Denton, Taylor Rogers, Damon Francis, and Monty Patel (collectively, the HLBA Defendants) filed a Motion to Dismiss for Failure to State a Claim (ECF No. 41), and Defendant Nike, Inc., filed a Motion to Dismiss, or in the Alternative, for a More Definite Statement (ECF No. 42). For the reasons stated, the Court should GRANT the HLBA Defendants' Motion and dismiss all Magee's claims against those Defendants for lack of personal jurisdiction and GRANT in part and DENY in part the other Motions to Dismiss. Specifically, the Court should DISMISS

Magee's claims based on federal statutes with no private right of action and should ORDER Magee to provide a more definite statement of his remaining claims.

### Background

In his prolix, nearly 300-page Complaint, Magee claims to be the owner of eight registered trademarks, each involving use of the term "Hooplife." Compl. 2 (ECF No. 3). Under these trademarks, Magee allegedly markets and sells apparel, other athletic goods, and basketball training services. *Id.* at 102-06. Magee alleges that four of these trademarks are implicated in this case—all of which relate to use of "Hooplife" on apparel, sports equipment, or in connection with sports and entertainment services. *Id.* at 2-3. According to Magee, Defendants HLBA, Todd Denton, BSN, and Nike "have partnered to market the unauthorized and infringing use of the 'Hooplife' brand name in violation of the Plaintiff's trademark rights." *Id.* at 19.

Magee contends that HLBA is a business based out of Arkansas, organized to offer "select travel basketball team[s]" that participate in tournaments using the name "Hoop Life." *Id.* at 4, 49-50. Magee asserts that HLBA and its "affiliates, employees, [or] authorized personnel . . . agreed to partner with BSN to create [an online] 'Sideline Store' to produce and sell infringing 'Hooplife Apparel.'" *Id.* at 69-70. These affiliates, employees, or authorized personnel include all of the individual Defendants—Todd Denton, Michael McGhee, Taylor Rogers, Damon Francis, and Monty Patel. *Id.* Because Nike apparel emblazoned with the name "Hoop Life" can be purchased through the online Sideline Store, Magee opines that

BSN, HLBA, the individual Defendants (all of whom allegedly work for HLBA in some capacity), and Nike have conspired together to infringe on Magee's related trademarks. *Id*. at 69-73. Magee claims that this infringement has resulted in his "family, friends, associates, [and] players" being confused "as to the [Defendants'] unauthorized use of the 'Hooplife' brand name." *Id*. at 106. Magee posits that, collectively, Defendants "have made and will make substantial profits and gains" by infringing on his trademarks. *Id*. at 109-10. Magee thus seeks damages "believed to be in excess of $2,352,000" and injunctive relief prohibiting the further infringement of his trademarks. *Id*. at 110-11, 285-86.

In response to Magee's Complaint, BSN filed a Motion to Dismiss, or in the Alternate, Motion for More Definite Statement, the HLBA defendants filed a Motion to Dismiss for Failure to State a Claim, and Nike filed a Motion to Dismiss, or in the Alternative for a More Definite Statement. Every moving Defendant argues that Magee has failed to state any claim, and the HLBA Defendants contend that this Court cannot exercise personal jurisdiction over them. Magee has filed lengthy responses to each Motion, wherein he alleges a litany of new facts.[1] Each of the Motions is fully briefed and ripe for review.

---

[1] All of Magee's Responses to the Motions to Dismiss greatly exceed the length allowed by the local rules. N.D. Tex. Local Civ. R. 7.2(c). Additionally, Magee's Responses do not contain a table of contents or table of cited authorities as required by the local rules. *Id*. 7.2(d). The Court could thus strike Magee's Responses in their entirety for failure to comply with the local rules. However, given Magee's *pro se* status, the Court considers the Responses as filed.

**Legal Standards**

"When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that in personam jurisdiction exists." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985); *D.J. Invs., Inc. v. Metzeler Motorcycle Tire Agent Gregg Inc.*, 754 F.2d 542, 545-46 (5th Cir. 1985). The plaintiff need not, however, establish personal jurisdiction by a preponderance of the evidence; *prima facie* evidence of personal jurisdiction is sufficient. *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982). The court may resolve a jurisdictional issue by reviewing pleadings, affidavits, interrogatories, depositions, oral testimony, exhibits, any part of the record, and any combination thereof. *Stuart*, 772 F.2d at 1192. Allegations in the plaintiff's complaint are taken as true except to the extent that they are contradicted by the defendant's affidavits. *Wyatt*, 686 F.2d at 282 n.13 (citing *Black v. Acme Markets, Inc.*, 564 F.2d 681, 683 n.3 (5th Cir. 1977)). Any genuine, material conflicts between the facts established by the parties' affidavits and other evidence are resolved in favor of the plaintiff for purposes of determining whether a *prima facie* case exists. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990).

Additionally, when deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citations and internal quotation marks omitted). However, when deciding a Rule 12(b)(6) motion, a court may not look beyond the

pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). To survive a Rule 12(b)(6) motion, therefore, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "'detailed factual allegations,'" but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

**Analysis**

As a threshold matter, The HLBA Defendants argue this Court cannot exercise personal jurisdiction over them. *See Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 231 (5th Cir. 2012) ("Personal jurisdiction . . . is an essential element of the jurisdiction of a district . . . court, without which the court is powerless to proceed to an adjudication.") citation and internal quotation marks omitted)). Accordingly, the Court first considers the matter of personal jurisdiction, before turning to BSN's and Nike's arguments that Magee has failed to state a claim.

I.    The District Court should dismiss Magee's claims against the HLBA Defendants because Magee has not shown that they are at home in Texas or that they have the requisite minimum contacts for the Court to exercise personal jurisdiction over them.

The HLBA Defendants argue that this Court does not have personal jurisdiction over them because they are not domiciled in Texas and because they only have a few incidental contacts with Texas. HLBA Defs.' Mot. 28-29 (ECF No. 41). Magee, meanwhile, argues that the Court has personal jurisdiction over the HLBA Defendants because their travel teams participate in tournaments held in Texas, they have business relationships with Texas companies, and they train one basketball player who is domiciled in Texarkana. Magee's HLBA Resp. 56-60 (ECF No. 54).

In a federal question case, the Fifth Amendment's Due Process Clause fixes the limits of the Court's personal jurisdiction. *Ins. Corp. of Ireland v. Compagnie*

*des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). Due process is satisfied when a court finds that a defendant has "minimum contacts" with the forum state such that exercising personal jurisdiction over the defendant would not offend "traditional notions of fair play and substantial justice." *See Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (citation and internal quotation marks omitted). A defendant gains the requisite minimum contacts by conduct that gives rise to either general or specific jurisdiction. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867-68 (5th Cir. 2001) (citation omitted).

General jurisdiction exists over a person in the state where she is domiciled and over a corporation in a place where it "is fairly regarded as at home," usually the state of incorporation and the state in which the principal place of business is located. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Specific jurisdiction exists when (1) "the defendant has minimum contacts with the forum state; . . . (2) . . . [the] plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) . . . the exercise of personal jurisdiction is fair and reasonable." *Libersat v. Sundance Energy, Inc.*, 978 F.3d 315, 318-19 (5th Cir. 2020).

These minimum contacts must be substantial enough that the defendant "should reasonably anticipate being haled into court [in the forum state]." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 402 (5th Cir. 2009) (citation and internal quotation marks omitted). Put another way, a defendant only has the requisite minimum contacts if she "purposefully avail[ed] [herself] of the privilege of

conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Sayers Constr., L.L.C. v. Timberline Constr., Inc.*, 976 F.3d 570, 573 (5th Cir. 2020) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, (1958)). This "purposeful availment" requirement protects a defendant from being summoned to a forum where she has only "random, fortuitous, or attenuated contacts." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). Ultimately, the defendant must have a substantial connection for a court to exercise specific personal jurisdiction. *Jones v. Petty-Ray Geophysical, Geosource, Inc.*, 954 F.2d 1061, 1068 n.9 (5th Cir. 1992).

In this case, it is not clear whether Magee asserts this Court has general or specific personal jurisdiction over the HLBA Defendants. Regardless, neither filing establishes that this Court has general personal jurisdiction over any of the HLBA Defendants. Neither the Complaint nor Magee's Response allege that HLBA is incorporated in Texas or that its principal place of business is in Texas, and neither allege that any of the individual Defendants is domiciled within the state of Texas.

Construing the Complaint liberally, Magee at most alleges that this Court can exercise specific personal jurisdiction over the HLBA Defendants[2] by virtue of

---

[2] Throughout the Complaint and his Response to the HLBA Defendants' Motion, Magee routinely refers to actions undertaken by "Defendants," generally, without ascribing specific acts to particular Defendants. But courts must consider the personal jurisdiction of each defendant individually. *Evergreen Media Holdings, LLC v. Safran Co.*, 68 F. Supp. 3d 664, 671 (S.D. Tex. 2014) (citing *Rush v. Savchuk*, 444 U.S. 320, 332 (1980)). However, even if the Court were to liberally construe Magee's arguments related to personal jurisdiction as directed at each,

a few incidental contacts with Texas. These alleged contacts are: HLBA-run basketball teams participated in basketball tournaments held in Texas; a single resident of Texarkana, Texas was recruited for and played on an HLBA basketball team; the HLBA website and online team store are accessible in Texas; HLBA merchandise may be shipped to Texas; and HLBA has contractual relationships with two Texas companies. Compl. 13, 25-26, 28-29, 39.

Such incidental contacts fail to satisfy the minimum contacts requirement for specific personal jurisdiction. The mere fact that HLBA teams participated in tournaments hosted in Texas, "a hotbed for elite basketball events," Magee's HLBA Resp. 56, is insufficient to show the requisite "purposeful availment" for a team based outside of Texas. *See generally Senne v. Kansas City Royals Baseball Corp.*, 105 F. Supp. 3d 981 (N.D. Cal. 2015) (finding that a number of Major League Baseball teams had not purposefully availed themselves of California, even though they routinely played games in the state).

As for the single Texas resident on an HLBA team, because Magee never alleges that HLBA directed recruiting efforts to this player while he was in Texas, he has failed to show that such a contact is anything more than fortuitous. *Id.* at 1030 (finding that, because there was no evidence that a baseball team affirmatively reached out to a recruit while he was in his home state of California,

---

individual, HLBA Defendant, Magee would still fail to demonstrate that the Court can exercise personal jurisdiction over any of them.

the team had not personally availed itself to his home state); *see also Gant v. S. Methodist Univ. Sch. of Law*, 2006 WL 8437523, at *3 (N.D. Tex. June 5, 2006) (declining to find purposeful availment when the plaintiff failed to allege targeting "as part of a widespread recruitment effort" as opposed to mere response to "applications and inquires").

Similarly, the mere fact that the HLBA Defendants operate a website that can be accessed from Texas is insufficient to demonstrate purposeful availment. *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 143 (4th Cir. 2020) (failing to find purposeful availment where the defendant's "website was accessible to all but targeted at no one in particular" (citing *NexLearn, LLC v. Allen Interactions, Inc.*, 859 F.3d 1371, 1378 (Fed. Cir. 2017))). Indeed, Magee only alleges that one shipment has ever been sent from the HLBA team store to Texas: apparel Magee himself ordered. Magee's HLBA Resp. 13. Courts have routinely failed to find such a manufactured contact to constitute evidence of purposeful availment. *See, e.g.*, *Huynh v. Zurno, Inc.*, at *5 (S.D. Tex. Jan. 18, 2019) ("An interested party's internet purchase from a nonresident defendant's website represents unilateral activity by the plaintiff as opposed to the defendant's purposeful availment of the benefits of conducting business in the forum."), *rec. adopted*, 2019 WL 480512 (S.D. Tex. Feb. 7, 2019); *Springboards to Educ., Inc. v. Families in Schs.*, 2017 WL 10434713, at *6 (N.D. Tex. Nov. 15, 2017) (Fitzwater, J.) (declining to find purposeful availment where plaintiff only alleged purchases from the defendant's website by interested parties). And finally, Magee's allegations that the HLBA

Defendants have business relationships with two Texas companies are insufficient to demonstrate purposeful availment—as the location of these companies, from HLBA's perspective, is no more than happenstance. *SuperMedia, Inc. v. Foy*, 2013 WL 4014453, at *9 (N.D. Tex. Aug. 7, 2013) (Fish, J.) ("The happenstance that one has contracted with a party headquartered in a particular state is insufficient on its own to establish minimum contacts." (citing *Moncrief Oil International Inc. v. OAO Gazprom*, 481 F.3d 309, 312 (5th Cir.2007))).

Even taken together, Magee's allegations do not amount to purposeful availment. A website accessible from anywhere, a single shipment of merchandise to Magee himself, business contacts with companies headquartered in Texas, occasional travel to the "basketball tournament hotbed" in Texas, and the training of one player who lives on the Texas-Arkansas border demonstrate that the HLBA Defendants are operating an Arkansas-based business, with only occasional forays into Texas. Moreover, Magee's own pleadings make it clear that his concerns relate to the HLBA Defendants' alleged conduct within the state of Arkansas. *See* Compl. 289 (seeking injunctive relief preventing Defendants from producing infringing material "anywhere in the United States and specifically Arkansas"). It is thus clear that this Court lacks personal jurisdiction over the HLBA Defendants, and so Magee's claims against them should be dismissed without prejudice.

II.    The District Court should dismiss Magee's claims brought under federal statutes that do not provide a private right of action.

The Court now turns to BSN's and Nike's arguments urging dismissal of the two claims Magee asserts against them based on 15 U.S.C. § 45 and 18 U.S.C. § 2320(a). BSN and Nike assert that these statutes provide no private right of action. BSN's Mot. 9 (ECF No. 39); Nike's Br. 8n.2-3 (ECF No. 43). Magee has provided no meaningful response to this argument.

With respect to 15 U.S.C. § 45, a provision of the Federal Trade Commission Act, "it is well settled law that no . . . private right of action exists." *Cranfill v. Scott & Fetzer Co.*, 752 F. Supp. 732, 734 (E.D. Tex. 1990) (citing *Fulton v. Hecht*, 580 F.2d 1243 (5th Cir. 1978); *Alfred Dunhill, Ltd. v. Interstate Cigar Corp.*, 499 F.2d 232 (2d Cir. 1974); *Holloway v. Bristol-Myers Corp.*, 485 F.2d 986 (D.C. Cir. 1973); *Carlson v. Coca-Cola Co.*, 483 F.2d 279 (9th Cir. 1973); *Atlanta Brick Co. v. O'Neal*, 44 F. Supp. 39 (E.D. Tex. 1942)). Similarly, Magee cannot bring a cause of action under 18 U.S.C. § 2320(a). *See GESPA Nicaragua, S.A. v. Inabata Europe GmbH*, 2018 WL 6220175, at *7 (W.D. Tex. July 27, 2018) ("[A plaintiff alleging claims under 18 U.S.C. § 2320] does not have standing to institute a federal criminal prosecution or any power to enforce a criminal statute.").

Magee's claims under these statutes are thus legally foreclosed. In other words, even if BSN and Nike did the things Magee claims they did, he could not sue them for relief under these statutes. Because these claims are legally foreclosed, they should be dismissed with prejudice. *Willis v. DLJ Mortg. Capital,*

*Inc.*, 2013 WL 7219170, at *2 & n.1 (N.D. Tex. Sept. 26, 2013) (Means, J.) (dismissing claims with prejudice where amendment would be futile).

    III.    <u>The District Court should order Magee to file an amended complaint because his original pleading fails to state a claim against BSN or Nike and fails to meet the federal pleading standard.</u>

Finally, the Court turns to the remainder of the Motions to Dismiss filed by Nike and BSN. Nike and BSN argue that, despite its length, Magee's Complaint is rife with pleading deficiencies. Among their arguments are two threshold matters that urge dismissal. First BSN argues that Magee has failed to plausibly plead likelihood of confusion, an essential element of all his asserted claims. BSN's Mot. 11-13. Second, both BSN and Nike contend that Magee's allegations are vague and ambiguous "shotgun-style" pleadings that prevent them from articulating meaningful responses. BSN's Mot. 13-15; Nike's Mot. Br. 26-28 (ECF No. 43).

Magee's remaining claims against BSN and Nike are for trademark infringement, false designation of origin, and common law trademark infringement.[3] Each of Magee's federal claims require, among other things, a

———————————

[3] Nike construes Magee's criminal counterfeiting claim asserted under 18 U.S.C. § 2320 (a) as bringing a civil trademark counterfeiting claim under 15 U.S.C. § 1127. Nike's Mot. Br. 8n.2. But, in his Responses, Magee doubles down—again citing the criminal counterfeiting statute as the basis for his claims. Magee's Nike Resp. (ECF No. 58); Magee's BSN Resp. 4 (ECF No. 59). Moreover, even if the Court were to construe Magee's counterfeiting claims as properly asserted under the civil statute rather than the criminal statute, BSN's arguments regarding likelihood of confusion would be sufficient to defeat such claims. *See Tovey v. Nike, Inc.*, 2013 WL 486341, at *3 (N.D. Ohio Feb. 6, 2013) ("[T]he standard for trademark counterfeiting is significantly higher than that for trademark infringement and slight differences, so long as they are apparent to the typical consumer upon

showing of likelihood of confusion. *See Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 235 & n.8 (5th Cir. 2010) (explaining that to prove federal trademark infringement, a plaintiff must establish, among other things, a likelihood of confusion (citation omitted)); *Luv N' Care, Ltd. v. Laurain*, 2018 WL 6257113, at *3 (W.D. La. Nov. 29, 2018) (explaining that the test for false designation of origin claims is the same as the test for trademark infringement claims (citing *Nintendo of Am., Inc. v. Brown*, 94 F.3d 652, 1996 WL 468590, at *1 (9th Cir. Aug. 16, 1996))). Similarly, if Magee fails to allege likelihood of confusion with respect to his federal claims, his remaining state law claims also fail. *See Choice Hotels Intern., Inc. v. Patel*, 940 F. Supp. 2d 532, 538 (S.D. Tex. 2013) (noting that trademark infringement under 15 U.S.C. § 1114, false designation of origin under 15 U.S.C. § 1125, trademark infringement under Texas common law, and unfair competition under Texas common law all utilize the same standard).

Magee fails to plausibly plead likelihood of confusion. Indeed, the Complaint is devoid of any specific allegations regarding likelihood of confusion. At most, Magee provides the conclusory assertion that his "family, friends, associates, [and] players" are confused "as to the [Defendants'] unauthorized use of the 'Hooplife' brand name." Compl. at 106. Such conclusory allegations are insufficient to state

---

minimal inspection, will defeat the allegation that a mark is a counterfeit." (citation and internal quotation marks omitted)).

a claim in federal court. *Just Add Water, Inc. v. Everything But Water, Inc.*, 2005 WL 1206874, at *4 (N.D. Tex. May 18, 2005) (Sanders, J.) (holding that the statement, "Defendant's marks are likely to cause confusion because of various acts conducted by Defendant and that the marks are confusingly similar" was merely a conclusory allegation insufficient to meet the federal pleading standard (internal quotation marks omitted)).

Magee's Complaint is also an impermissible "shotgun pleading." A shotgun pleading "sets forth an excessive number of facts, and then adopts them in conclusory fashion to a number of legal claims, with the result that each claim includes facts that are not material to that claim." *BRG Ins. Sols., LLC v. O'Connell*, 2017 WL 7513649, at *6 (N.D. Tex. July 18, 2017) (Godbey, J.) (citation omitted). Shotgun pleadings include irrelevant and unrelated facts such that the claims made are indeterminate and the defendant's task in defending against them is significantly impaired. *Martinez v. Nueces County, Tex.*, 2013 WL 6190519, at *3 (S.D. Tex. Nov. 26, 2013). Shotgun pleadings are subject to dismissal under Rule 12(b)(6). *Sahlein v. Red Oak Capital, Inc.*, 2014 WL 3046477, at *3 (N.D. Miss. July 3, 2014) (citing *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126-27 (11th Cir. 2014)). Such pleadings also fail to definitively attribute particular conduct to specific defendants, thereby falling short of the federal pleading standard. *See Santander Consumer USA, Inc. v. Homer Skelton Enters., Inc.*, 2017 WL 2558804, at *1 (N.D. Tex. June 13, 2017) (Fish, J.) (holding that Federal Rule of Procedure 8(a)(2) requires a plaintiff's complaint to "notify the defendant as to the nature of

the claim against it and the grounds upon which that claim rests" (citation omitted)); *Moore v. Mississippi Gaming Comm'n*, 2015 WL 13019615, at *5 (N.D. Miss. Nov. 2, 2015) (noting that "quintessential" shotgun pleadings also fail to distinguish between the actions of named defendants).

Magee's Complaint suffers from all these deficiencies. As noted above, the Complaint is nearly 300 pages long. It is comprised of winding, rambling, and disjointed allegations interrupted by pages of clipped pictures and social media posts. The Complaint is often inscrutable. It also fails to connect its allegations to specific Defendants; the Complaint routinely conflates all eight named Defendants—without specifying who did what. *See, e.g.*, Compl. 76-77, 83-84, 109-11. And the Complaint contains a multitude of diatribes regarding concerns wholly unrelated to this lawsuit. *See, e.g.*, Compl. 14-18 (describing three nonparty entities unrelated to the allegations of infringement); 245-49 (detailing an episode in which a third party allegedly made an obscene gesture in a YouTube video); 260 (describing an unrelated 2013 trademark dispute between Nike and nonparty Under Armour); 275-83 (cataloguing the existence of other team stores and partnerships that BSN and Nike have allegedly entered into with nonparties).

These deficiencies are fatal to a plaintiff's ability to state a claim, even when committed by a *pro se* plaintiff like Magee. *See Arrington v. Green*, 757 Fed. Appx. 796, 797 (11th Cir. 2018) (holding district court acted within its discretion to dismiss pleading with prejudice as shotgun pleading after giving *pro se* plaintiff requisite opportunity to amend); *Yeyille v. Miami Dade County Pub. Sch.*, 643

Fed. Appx. 882, 885 (11th Cir. 2016). Accordingly, the District Court could dismiss Magee's claims for failure to state a claim.

However, BSN and Nike have both requested a more definite statement as an alternative to dismissal—and Magee has expressed a willingness to amend his Complaint in order to provide Nike and BSN a meaningful opportunity to respond. Magee's BSN Resp. 30-31; *see also* BSN's Mot. 15-16; Nike's Mot. 26-28. Moreover, when, as here, a *pro se* plaintiff offers to amend his complaint, courts typically allow the party to amend rather than face dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010) (Fitzwater, C.J.); *Scott v. Byrnes*, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008) (Fitzwater, C.J.).

Accordingly, the District Court should order Magee to file an amended complaint in order to provide a more definite statement of his claims. Magee's amended complaint should comply with the Federal Rules of Civil Procedure—providing "a short and plain statement of" his claims, devoid of extraneous facts. Fed. R. Civ. P. 8(1)(2). The Court should also specifically find that Magee has been given a full and fair opportunity to plead his best case and allow no further amendments. *See Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 258 (5th Cir. 1997) ("[J]udges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case." (citing *Turnage v. Gen. Elec. Co.*, 953 F.2d 206, 208-09 (5th Cir. 1992)).

## Recommendation

For the reasons stated, the Court should GRANT the HLBA Defendants' Motion to Dismiss (ECF No. 41) and dismiss all Magee's claims against those Defendants for lack of personal jurisdiction. The Court should also GRANT in part and DENY in part the other Motions to Dismiss (ECF Nos. 39 & 42) and DISMISS Magee's claims based on federal statutes that do not provide a private right of action and ORDER Magee to provide a more definite statement of his remaining claims against Defendants BSN and Nike.

**SO RECOMMENDED.**

**SIGNED ON** August 8, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).